UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

TRON ROBINSON,

       Petitioner,

v.

DUNCAN MACLAREN,

       Respondent.

_____/

Case No. 2:18-cv-203

Honorable Gordon J. Quist

## **OPINION**

       This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I. Factual Allegations

Petitioner Tron Robinson is incarcerated with the Michigan Department of Corrections at the Kinross Correctional Facility (KCF) in Kincheloe, Michigan. Following a two-day jury trial in the Calhoun County Circuit Court, Petitioner was convicted of first-degree home invasion, Mich. Comp. Laws § 750.110a(2); felon in possession of a firearm, Mich. Comp. Laws § 750.224f; killing an animal without just cause, Mich. Comp. Laws § 750.50b(2)(a); and felony firearm, Mich. Comp. Laws § 750.227b(1). Petitioner was initially sentenced on October 22, 2012. Then, following a remand from the Michigan Court of Appeals, he was resentenced on August 23, 2013. Finally, following a remand from the Michigan Supreme Court, Petitioner was sentenced one last time on February 1, 2016. Ultimately, the court sentenced Petitioner to concurrent prison terms of 16 years, 8 months to 40 years for first-degree home invasion; 4 years, 9 months to 10 years for felon in possession of a firearm; and 3 years, 7 months to 8 years for killing an animal without just cause. The court also sentenced Petitioner to a consecutive sentence of 2 years on the felony firearm conviction.

The Court received Petitioner's habeas corpus petition on November 14, 2018. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). The handwriting on the signature page of the petition is not legible; however, Petitioner signed his accompanying brief on October 31, 2018. (Pet., ECF No. 1, PageID.14.) That is the soonest possible date Petitioner could have submitted the petition and brief for filing. For purposes of this opinion, I have given Petitioner the benefit of that earliest possible filing date. *See Brand v.*

*Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

The petition raises four issues, paraphrased as follows:

I. Petitioner was denied the effective assistance of counsel where counsel failed to challenge for cause a juror who had demonstrated actual and/or implied personal bias.

II. Petitioner was denied the effective assistance of counsel where counsel failed to stipulate to the element of a prior conviction in relation to the "felon in possession of a firearm" charge, thereby placing before the jury a highly prejudicial similar charge, which permitted the jurors to draw a propensity inference.

III. Trial counsel was ineffective for failing to file a pretrial motion in limine to prohibit accomplice testimony, or move for a mistrial or a curative instruction, when she, the state's witness, testified to Petitioner's criminal record which was inadmissible for all purposes in the trial.

IV. Trial counsel failed to object to the constitutionally defective complaint and information brought by the state, and failed to object to the due process violative nature of the habitual offender enhancement of the sentence imposed against Petitioner.

(Pet'r's Br., ECF No. 2.)

II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275-77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal

claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

Fair presentation has a substantive component and a procedural component. With regard to substance, fair presentation is achieved by presenting the asserted claims in a constitutional context through citation to the Constitution, federal decisions using constitutional analysis, or state decisions which employ constitutional analysis in a similar fact pattern. *Picard*, 404 U.S. at 277-78; *Levine v. Torvik*, 986 F. 2d 1506, 1516 (6th Cir. 1993). With regard to procedure, "[t]he fair presentation requirement is not satisfied when a claim is presented in a state court in a procedurally inappropriate manner that renders consideration of its merits unlikely." *Black v. Ashley*, No. 95-6184, 1996 WL 266421, at *1-2 (6th Cir. May 17, 1996) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1998)); *see also Long v. Sparkman*, No. 95-5827, 1996 WL 196263, at *2 (6th Cir. Apr. 22, 1996); *Fuller v. McAninch*, No. 95-4312, 1996 WL 469156, at *2 (6th Cir. Aug. 16, 1996).

The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138-39 (6th Cir. 1970).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner directly appealed his conviction and sentence to the Michigan Court of Appeals raising six issues, including the issues numbered I, II, and III, above. The Michigan Court of Appeals denied relief on all six issues by unpublished opinion issued on June 10, 2014. (Mich. Ct. App. Op. I, ECF No. 2-1, PageID.61-65.) Petitioner then sought leave to appeal in the

Michigan Supreme Court, raising the same six issues. The supreme court, by order issued October 28, 2015, denied leave as to all issues except one. (Mich. Order I, ECF No. 2-1, PageID.67.) The court remanded to the trial court for resentencing in light of the recent decision in *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015). (*Id.*)

The Calhoun County Circuit Court resentenced Petitioner on February 1, 2016, to the terms of imprisonment set forth above. Petitioner, with the assistance of counsel, directly appealed the new judgment to the Michigan Court of Appeals. Counsel raised a sentence scoring issue. Petitioner, by way of a pro se Standard 4 brief, raised additional issues, including Issue IV, above.

By unpublished opinion issued June 15, 2017, the Michigan Court of Appeals rejected Petitioner's sentence scoring challenge. (Mich. Ct. App. Op. II, ECF No. 2-1, PageID.69-70.) The appellate court refused to address the issues raised in Petitioner's standard 4 brief, including Issue IV, because the scope of appellate review following resentencing after remand is limited by the scope of the remand. (*Id.*, PageID.69, n.1) (citing *People v. Jones*, 231 N.W.2d 649 (1975)). Petitioner's new issues related to the validity of his conviction, not the resentencing hearing. Accordingly, the court of appeals would not consider them. Petitioner sought leave to appeal in the Michigan Supreme Court. That court denied leave by order entered January 3, 2018. (Mich. Order II, ECF No. 2-1, PageID.72.) Petitioner's Issue IV was not fairly presented to the Michigan Court of Appeals and the Michigan Supreme Court because it was presented in a procedural context that rendered consideration impossible.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c).

5

Petitioner has at least one available procedure by which to raise the unexhausted issues he has presented in this application. He may file a motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. Mich. Ct. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy. To properly exhaust his claim, Petitioner must file a motion for relief from judgment in the Calhoun County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss

only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his judgment to the Michigan Court of Appeals and the Michigan Supreme Court, twice. The Michigan Supreme Court denied his application most recently on January 3, 2018. It does not appear that Petitioner petitioned for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on April 3, 2018. Accordingly, absent tolling, Petitioner would have one year, until April 3, 2019, in which to file his habeas petition.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).[1] Petitioner has more than

---

[1]The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision

7

sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore, a stay of these proceedings is not warranted. Should Petitioner decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

## Conclusion

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily

---

is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332.

dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A judgment consistent with this opinion will be entered.


Dated: January 4, 2019						/s/ Gordon J. Quist
									GORDON J. QUIST
								UNITED STATES DISTRICT JUDGE